IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

LARRY D. CALLAWAY, JR.,

                    Plaintiff

VS.

HERBERT McRAE, *et al.*,

                      Defendants

NO. 5:07-CV-473 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

# RECOMMENDATION

Before the court are the Motions to Dismiss filed by the defendants in the above-styled §1983 action. Tabs #24 and #26. After being afforded an extension of time to respond, plaintiff LARRY CALLAWAY filed a response to the defendants' motions. Tab #31. The defendants have replied to the plaintiff's response. Tabs #32 and #33.

The defendants have averred that plaintiff CALLAWAY — who was incarcerated within the Georgia Department of Corrections ("GDC") at all times pertinent to this litigation — failed to exhaust the administrative remedies available to him before filing this federal civil rights suit. Exhaustion of administrative remedies is required by the Prison Litigation Reform Act of 1995 ("PLRA").

**FACTS**

The GDC has a three-step grievance procedure for inmates, which is set forth in the Affidavit of Shevondah Fields. Tab #24-4. The first step requires inmates to file an informal grievance; the second step involves a formal grievance which must be filed with the inmate's counselor within five business days of the inmate's receipt of the written resolution of the informal grievance. The warden must then provide a written response to the inmate, stating the reasons for his or her decision, within thirty days from the date the formal grievance was filed. Finally, the inmate may appeal the warden's decision within five business days of receiving the warden's decision, or after the warden's response time is exceeded. This appeal is filed with the Commissioner's office and forwarded to Inmates Affairs for review.

In the instant case, plaintiff CALLAWAY filed a formal grievance relating to the incidents in question in this lawsuit on March 22, 2007. The grievance was denied by the warden on March 30, 2007. However, between the time that CALLAWAY filed his grievance and when it was denied, CALLAWAY was transferred to a different prison, and he never received a copy of this denial.

Nevertheless, on April 16, 2007, CALLAWAY sent a letter to the Commissioner complaining of the events in question. There is a dispute as to whether this letter was an appeal for purposes of exhaustion of administrative remedies. The court has not been provided a copy of that letter which the defendants acknowledge was received by the GDC on April 24, 2007.

CALLAWAY has submitted a memorandum dated May 2, 2007 which he received in response to his April 16th letter. Plaintiff's Exh. D, Tab #31-2 at 9. The May 2nd memorandum reads as follows:

> This office is in receipt of your letter regarding Excessive Use of Force/Threats. We are committed to a policy of addressing your concerns. Your Complaint will be forwarded to Internal Investigations for further review and any action deemed necessary.

## DISCUSSION

It appears to be undisputed that the GDC (and its agents) failed to follow the grievance procedure rigidly in this case: The grievance counselor at the institution to which the plaintiff was transferred did not retain (or possibly obtain) a copy of the plaintiff's formal grievance, and the plaintiff was not provided a grievance number on his formal grievance, both of which are required by the Standard Operating Procedures. There is also a dispute as to the classification of the letter/appeal.

The Eleventh Circuit has described seven policy reasons for favoring an exhaustion requirement in cases governed by the PLRA:

> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.

*Alexander v. Hawk*, 159 F.3d 1321, 1327 (11th Cir.1998) (internal quotations omitted). In the case at bar, plaintiff CALLAWAY's April 16th letter had an identical function as a formal appeal would have for each of these purposes, regardless of whether the letter was labeled as an appeal.

The undersigned is mindful that ruling that the plaintiff properly exhausted his remedies here could be seen as an invitation for inmates to attempt to circumvent the prison's official grievance procedure. However, in this specific case where a prisoner (1) filed an informal and formal grievance, (2) was not provided a grievance number as required in order to properly appeal any denial thereof, and (3) did not receive the warden's denial of his formal grievance — all through no fault of his own — evidence of a letter sent to the proper GDC channels making clear the facts and circumstances of which the inmate is complaining should suffice as proper exhaustion.[1] To find otherwise would encourage prison officials to make the administrative process more difficult for prisoners by violating their own procedures. Justice does not permit such a result.

---

[1] Depending on a definite finding of its contents, production of the original April 16th letter may cause a different result.

IT IS THEREFORE RECOMMENDED that the defendants' Motions to Dismiss (Tabs #24 and #26) be **DENIED** and that the defendants file an Answer herein WITHIN THIRTY (30) DAYS of the acceptance of this Recommendation if this Recommendation is accepted. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 14th day of MAY, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE