UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| LARRY D. CALLAWAY, JR. | : | |
|---|---|---|
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 5:07-CV-473 (CAR) |
| | : | |
| HERBERT MCRAE, ET AL., | : | PROCEEDINGS UNDER |
| | : | 42 U.S.C. § 1983 |
| Defendants. | : | |

*ORDER ON UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION*

Before the Court is the United States Magistrate Judge's Report and Recommendation [Doc. 34] that Defendants' Motions to Dismiss [Docs. 24 and 26] be denied and the above captioned case not be dismissed for failure to exhaust administrative remedies. Defendant filed Objections [Docs. 35 and 36] to the Recommendation. Having considered the Defendants' objections and having investigated the matter *de novo*, this Court agrees with the conclusions and findings of the United States Magistrate Judge that this case should not be dismissed for failure to exhaust administrative remedies. Therefore, the Recommendation regarding this aspect of Defendants' Motion to Dismiss is **HEREBY ADOPTED AND MADE THE ORDER OF THE COURT**. The Court points out, however, that Defendants also moved to dismiss Plaintiff's claims for declaratory and injunctive relief on grounds that these claims failed to state a claim upon which relief may be granted which the Magistrate Judge did not address in his Report and Recommendation. Upon review of these contentions, the Court hereby finds that this portion of Defendants' Motion to Dismiss should be **GRANTED** and dismisses Plaintiff's claims for declaratory and injunctive relief. Thus, Defendants' Motions to Dismiss [Docs. 24

and 26] are hereby **DENIED in part** and **GRANTED in part**.

In their Objections, Defendants contend that the while the Magistrate Judge properly determined that Plaintiff filed an informal and formal grievance, the Magistrate Judge improperly determined that Plaintiff had exhausted his available administrative remedies. Specifically, Defendants contend that Plaintiff did not follow the available grievance procedures, that Plaintiff had a grievance tracking number which he could have used to track his grievance, and that even if Defendants did not receive a response to his formal grievance, he failed to exhaust the available administrative remedies because he did not appeal the alleged lack of response. (D's Objections to the Magistrate Judge's Report and Recommendation, p. 2, Doc. 35).

The Court also addresses Defendants' claims that Plaintiff's request for declaratory and injunctive relief should be dismissed for failure to state a claim and/or that the Plaintiff lacks standing. Each of Defendants' contentions will be addressed below.

## BACKGROUND

In his Complaint, Plaintiff alleges that Defendants used excessive force against him on December 14, 2006. In pursuit of this claim, Plaintiff filed an informal administrative grievance while still housed at Georgia Diagnostic and Classification Prison in Jackson, Georgia. After his informal grievance was denied, Plaintiff filed a formal grievance on March 22, 2007, the same day that he was transferred to Johnson State Prison. Plaintiff filed the grievance on the appropriate form and placed it under the door of the grievance counselor's office. Plaintiff's formal grievance was denied on March 30, 2007, but he did not receive the response because of his transfer to Johnson State Prison. Therefore, on April 16, 2007, Plaintiff appealed to the Commissioner. Normally, the

grievance procedure would require Plaintiff to use an appeal form, to which his grievance counselor would attach his informal and formal grievances. However, because he had not received a response to this formal grievance, Plaintiff made his appeal without the prior grievances being attached. Plaintiff also did not use the required form because he claims the forms were not available to him. Plaintiff received confirmation of his appeal, and an investigator came and interviewed him regarding his grievances. Because Plaintiff did not receive a response to his appeal, he brought judicial action. Defendants claim that the Plaintiff did not properly exhaust his administrative remedies.

## DISCUSSION

### *I. Failure to Exhaust Administrative Remedies*

#### *A. Defendant's Motion is properly decided as a Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6).*

Although there has been some contention that Defendants' Motion should be converted to a motion for summary judgment, the Court finds that Defendants properly brought the Motion as a Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss for Failure to State a Claim. See Bryant v. Rich, 2008 WL 2469405, * 3 (11th Cir. June 20, 2008). While failure to exhaust administrative remedies as required by the Prisoner Litigation Reform Act ("PRLA") is non-jurisdictional, it is similar to jurisdictional defenses in the sense that it is a matter in abatement and does not ordinarily deal with the merits of the case. Id. (quotations and citations omitted). Thus, a motion to dismiss for failure to exhaust administrative remedies should be treated as a 12(b)(6) motion even if raised on a motion for summary judgment. Id. at * 4 (quotations and citations omitted). Because the Motion is properly raised as a 12(b)(6) motion, the district court may properly act as a factfinder and may look outside the pleadings to resolve factual disputes, "so long as the

3

disputes do not decide the merits of the case and the parties have sufficient opportunity to develop a record." Bryant, 2008 WL 2469405, * 3, 5 (citations omitted).

### *B. Plaintiff has properly exhausted the available administrative remedies as required by the Prison Litigation Reform Act.*

The Court also finds that, despite Defendants' objections otherwise, Plaintiff has properly exhausted the administrative remedies available to him as required by the PRLA because he filed both a formal and informal grievance and he appealed when he received no response to his formal grievance. Under the PRLA, an inmate must properly exhaust all available administrative remedies before bringing a judicial action under 42 U.S.C. § 1983. Woodford v. Ngo, 548 U.S. 81, 85 (2006); 42 U.S.C. § 1997(e). Exhaustion is a precondition to suit that cannot be waived by the court. Alexander v. Hawk, 159 F.3d 1321, 1326-27 (11th Cir. 1998).

Administrative remedies for prisoners in Georgia are set out by the Georgia Department of Corrections ("GDC") in a Standard Operating Procedure ("SOP") that is available to all inmates in the system. Aff. Shevondah Fields, p. 2 [Doc. 24, Exhibit B]. All offenders in the system are given an oral explanation of the grievance SOP and a copy of the instruction handbook when they enter the GDC. Id.

The first step under the SOP is the informal grievance. S.O.P. VI. B. (Doc. 24, Exhibit A, p. 5). If the inmate is not satisfied with the resolution of the informal grievance, he may pursue the second step of the SOP, the filing of a formal grievance. S.O.P. VI. C. (Doc. 24, Exhibit A, p. 7). The formal grievance, which is filed on a form provided to the inmate by his grievance counselor, must be turned in to the grievance counselor within five days of the return of the informal grievance. Id. After receiving the completed grievance form, the grievance counselor gives a receipt to the inmate and then completes an investigation of the grievance. Id. The counselor writes a report,

4

which is reviewed by the grievance coordinator and by the warden or superintendent of the facility. S.O.P. IIB05-0001 VI. C. (Doc 24, Exhibit A, pp. 7-8). After these reviews, two copies of the written response are provided to the inmate, detailing the reasons for the decision, and the inmate signs the grievance form, indicating his receipt of the formal grievance response. S.O.P. IIB05-0001 VI. C. (Doc 24, Exhibit A, p. 8). The grievance coordinator retains a copy of the original grievance along with witness statements and attachments from the inmate. Id. The response to the formal grievance must be returned to the inmate within thirty days of being filed unless a one-time ten-day extension has been filed and the inmate is notified of the extension. Id.

All formal grievances may be appealed by means of the final step of the SOP, the appeal. S.O.P. IIB05-0001 VI. D. (Doc. 24, Exhibit A, p. 7). The inmate has five days after the return of the formal grievance to file an appeal. S.O.P. II05-0001 VI. D. (Doc 24, Exhibit A, p. 8). The SOP requires that appeal forms be available to the inmates in the control rooms of the living units; inmates in isolation or segregation areas may request an appeal form. S.O.P. IIB05-0001 VI. D. 1 (Doc. 24, Exhibit A, p. 7). The inmate must fill out the form and return it to his counselor, who attaches the formal and informal grievances to the appeal form. S.O.P. IIB05-0001 VI. D. 3 (Doc. 24, Exhibit A, p. 8). The appeal is made to the Commissioner or his designee. Id.

However, if the response time for the formal grievance (thirty days or the ten-day extension) is exceeded, the inmate may appeal to the Commissioner's office without following some of the procedures normally required. S.O.P. IIB05-001 VI. A. 11 and VI. D. 3 (Doc. 24, Exhibit A, pp. 4 and 8). Under this procedure, there is no requirement that the prisoner track his grievance, follow up with his counselor, or in any way inquire about the status of his formal grievance before making an appeal to the Commissioner. In such a case, the informal and formal grievances do not have to

5

be attached to the formal appeal, although the inmate must make the appeal on the appeal form. S.O.P. IIB05-0001 IV. D. 3 (Doc. 24, Exhibit A, p. 8). Regardless of how the appeal is made, the Commissioner must respond within ninety calendar days of receiving the appeal. S.O.P. IIB05-0001 IV. D. 5 (Doc. 24, Exhibit A, p. 8). Only after these three steps within the GDC have been completed may an inmate seek judicial relief.

Here, to the best of his ability, Plaintiff complied with and completed the grievance SOP. Therefore, he has properly exhausted the available administrative remedies and may seek judicial remedies. It is not disputed that he completed the informal and formal grievances. While it may have been advisable for the Plaintiff to give his formal grievance to his grievance counselor in person, there is nothing in the SOP requiring such service. It may also have been advisable for the Plaintiff to file his grievance after his transfer, but there is nothing in the SOP requiring the inmate to wait to file a grievance.

Furthermore, there is nothing in the SOP requiring an inmate to track his grievance or to inquire about the status of his grievance before filing an appeal. Plaintiff waited for a response, and when he received nothing from the GDC, he prepared and filed his appeal to the Commissioner. His failure in no way impacted the merit of his appeal.

The Plaintiff did fail to file his appeal on the required appeal form, but this failure is excused because the form was not available to him. Defendants have an operating procedure that should have provided the appeals forms to inmates, including Plaintiff. However, Plaintiff and two fellow inmates have testified that the forms were not available. Doc. 31 p. 12 and Exhibits C, C1, and C2. Plaintiff could not proceed by the ordinary appeal process because the counselor at the second facility did not have his informal and formal grievances from the first prison. Doc. 31 p. 12. Thus,

6

he was required to bypass the normal appeal procedures. Additionally, after Plaintiff's appeal was received by the Commissioner, it was apparently treated by the Commission as a appeal, regardless of the form of the appeal. Doc. 31, Exhibit D. Plaintiff received confirmation of his appeal, and the Commissioner sent an investigator to interview the Defendant. Doc. 31, p. 13. These responses indicate that the appeal was treated as a correct and proper appeal. Finally, the Commissioner did not respond to the appeal within ninety days as required by the SOP. Plaintiff, believing that his administrative remedies were exhausted, then sought judicial relief.

This Court is mindful, as the Magistrate Judge was, that finding that Plaintiff exhausted his administrative remedies may invite inmates to circumvent the system and then claim that they exhausted their administrative remedies. However, as the Magistrate Judge correctly noted, finding that Plaintiff did not exhaust his administrative remedies would excuse the GDC's failures to follow its own policies. This "would encourage prison officials to make the administrative process more difficult for prisoners by violating their own procedures. Justice does not permit such a result." (Doc. 34, p. 3). Moreover, the failure to comply with procedures lies with the GDC, not Plaintiff: (1) while Plaintiff properly filed a formal and informal grievance, the GDC did not provide Plaintiff with a grievance number; (2) the GDC did not respond to his formal grievance or notify him that a time extension would be filed; (3) the GDC did not have Plaintiff sign for the receipt of his formal grievance, an administrative safeguard to ensure that procedures are followed; and (4) the GDC did not provide the Plaintiff with a proper appeal form.

The Plaintiff exhausted the administrative remedies by following the available procedures to the best of his ability. Thus, the Motion to Dismiss is denied to the extent the Defendants allege that the Plaintiff failed to exhaust administrative remedies.

7

## II. Motion to Dismiss Claim for Declaratory and Injunctive Relief

### A. Failure to State a Claim.

Plaintiff's request that this Court enjoin the Defendants from using force while he is handcuffed and from using any unnecessary force is denied because it lacks specificity and essentially requests that the Defendants obey the law. Federal Rule of Civil Procedure 65(d) requires every order that grants an injunction to state the reasons for issuance, to be specific in its terms, and to describe in reasonable detail the acts that are restrained. See Schmidt v. Lessard, 414 U.S. 473, 475 (1974). In the Eleventh Circuit, a complaint seeking to require the opposing party do nothing more specific than "obey the law" is impermissible. Elend v. Basham, 473 F.3d 1199 (11th Cir. 2006); see also Burton v. City of Bell Glade, 178 F.3d 1175 (11th Cir. 1999) ("As this injunction would do no more than instruct the City to 'obey the law,' we believe that it would not satisfy the specificity requirements of Federal Rule of Civil Procedure] 65(d) and that it would be incapable of enforcement.").

Here, Plaintiff seeks to prevent the use of force on him while he is handcuffed and the use of unnecessary force at all times. This request lacks the required specificity. Further, it essentially asks this Court to require the Defendants to obey the law, which would be an unenforceable order. Therefore, the motion for injunctive relief [Doc. 8, p. 7, § 12] is denied.

### B. Lack of Standing

Plaintiff also lacks standing to seek injunctive relief, and thus, his request for relief is denied on these grounds as well. Where a plaintiff seeks injunctive relief, he must prove not only an injury, but also a real and immediate, as opposed to a conjectural or hypothetical, threat of future injury. City of Los Angeles v. Lyons, 461 U.S. 95, 102-05 (1983). If a plaintiff does not show substantial

likelihood of future injury, the plaintiff does not have standing to seek injunctive relief. <u>Wooden v. Bd. of Regents of Univ. Sys. of Ga.</u>, 247 F.3d 1262, 1284 (11th Cir. 2001) (citations and quotations omitted).

Here, Plaintiff has done nothing to show that there is a threat of future injury. Thus, the Defendants' Motion to Dismiss for Failure to State a Claim is also granted on this ground.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss for Failure to State a Claim [Doc. 24], is **GRANTED in part** and **DENIED in part**. The Motion is GRANTED insofar as the Plaintiff seeks injunctive relief and thus these claims are dismissed. The Motion is DENIED insofar as the Defendants claim that the Plaintiff has failed properly to exhaust available administrative remedies, and thus the remaining claims remain pending.

**SO ORDERED** this 5th day of August, 2008.

S/ C. Ashley Royal
C. ASHLEY ROYAL
United States District Judge

BCS/ssh